DECISION AND JUDGMENT ENTRY
Michael Borders appeals his sentence and the determination by the Scioto County Court of Common Pleas that he is a sexual predator. He assigns the following errors:
 I. THE COURT ERRED IN FAILING TO SPECIFY THE FACTORS SET OUT IN RC 2959.09 (B) (2) UPON WHICH IT RELIED TO DETERMINE THE ISSUE OF SEXUAL PREDATOR STATUS.
 II. THE COURT ERRED IN GRANTING THE LONGEST PRISON TERM AUTHORIZED FOR A FELONY OF THE THIRD DEGREE.
For the reasons stated below, we find that neither assignment of error has merit.
 I.
Appellant pled guilty to one count of sexual battery in violation of R.C. 2907.03 (A) (1), a felony of the third degree. The trial court conducted a hearing to determine whether appellant was a sexual predator and the appropriate sentence.
During the hearing, the state introduced two witnesses in support of its position that appellant was a sexual predator. Detective Darrell Keller testified that he works for the Scioto County Sheriff's Department. He received a complaint of gross sexual imposition involving appellant and Tiffany Reynolds, a thirteen year old girl. Detective Keller interviewed appellant who said he drove Tiffany's brother-in-law to work one evening and Tiffany accompanied him. Appellant said Tiffany began asking him about various sexual acts and then started kissing appellant's neck and licking his ear. Appellant then turned up a road and parked. Tiffany began caressing his penis and performed oral sex. A second incident occurred at Tiffany's house.
On re-direct examination, Detective Keller testified that he also interviewed Tiffany. Tiffany stated that appellant made her perform oral sex and he penetrated her vagina with a finger more than two times. Appellant told her that if she told anyone the sheriff would take her away from her mother.
Tiffany Reynolds testified that she is thirteen years old and in seventh grade. Appellant was staying with her family and was a friend of her brother-in-law. When she was in the car with appellant, he turned onto a back road and unzipped his pants. Appellant told her to unzip her own pants, which she did. Appellant then put his fingers inside her and told her to "go
up and down on his private * * * with [her] mouth." Tiffany testified that she never asked appellant about sex or kissed his neck. On cross-examination, Tiffany testified that these events occurred almost every time her brother-in-law went to work. Appellant told her that if she didn't come with him, he would tell.
Appellant stipulated that he has a prior conviction for felony corruption of a minor and was on probation at the time he committed this offense. Kathy Borders, appellant's mother, testified that she told Tiffany's mother that appellant was a convicted felon and the nature of his crime. Ms. Borders stated that she told Tiffany's mother on more than one occasion never to leave Tiffany alone with appellant.
The court orally found that there was clear and convincing proof that appellant had a prior criminal record within a period of approximately two and one-half years. The court also found that this was appellant's second sexually-oriented offense, that the victim was thirteen years old, the prior victim was fourteen years old, and that appellant is twenty-three years old. The court found that appellant was on probation for a sexually-oriented offense at the time this crime was committed, that there is a pattern of abuse involving young women, and that there is clear and convincing evidence that appellant is a sexual predator.
The court then indicated that it would move on to the second phase of the hearing and determine the appropriate sentence. As mitigation evidence, appellant again introduced the testimony of his mother, Kathy Borders. Ms. Borders testified that appellant is a good person who has been around many young girls and refused to engage in sexual activity with them. Ms. Borders also reiterated that she had warned Tiffany's mother about her son's past. Ms. Borders testified that her son would benefit from counseling and she thought prison was unnecessary.
The court then sentenced appellant to the maximum sentence of five years incarceration. The court orally found that appellant committed "a serious offense" as the victim was only thirteen years old and would suffer psychological problems as a result of the offense. The court also found that appellant's relationship with the victim and her family facilitated the offense and that recidivism is likely. The court further indicated that appellant committed the offense while under community control for a similar offense and that appellant had not responded favorably to previous sanctions. The court found that appellant committed the worst form of the offense and poses the greatest likelihood of committing future crimes involving women.
The trial court later issued a written entry adjudging appellant a sexual predator and delineating his sentence. Appellant filed a timely appeal from this order.
 II.
In his first assignment of error, appellant argues that the trial court erred in failing to specify the R.C. 2950.09 (B) (2) factors it relied upon when it declared appellant to be a sexual predator. This assignment of error presents us with question of law, which the appellant candidly admits we have previously decided adversely to his argument. Nonetheless, he asks us to reconsider our position.
When determining whether an offender should be classified as a sexual predator, a court must consider all relevant factors, including those listed in R.C. 2950.09 (B) (2).[1] See R.C.2950.09 (C) (2) (b); see, also, State v. Meade (Apr. 30, 1999), Scioto App. No. 98CA2566, unreported (R.C. 2950.09[B] [2] factors are designed to assist the court in making a sexual predator determination).
R.C. 2950.09 (B) requires a trial court to consider all relevant factors but does not require a trial court to make express findings in that regard, unlike R.C. 2929.19 (B). SeeState v. Smith (July 20, 1998), Hocking App. No. 97CA10, unreported. While it is preferable that the trial court make detailed findings, a trial court's failure to do so does not constitute error. Id. See, also, State v. Clutter (Jan. 28, 2000), Washington App. No. 99CA19, unreported, and State v.Hannold (June 28, 1999), Washington App. No. 98CA40, unreported. In spite of appellant's request that we revisit our prior holdings on this issue, we decline the invitation.
The trial court's judgment entry specifically states that it "reviewed all testimony and evidence presented at the hearing * * * and the factors specified in 2950.09 (B) (2) [and found] by clear and convincing evidence that the defendant is a sexual predator." Furthermore, the transcript of the hearing indicates that the court did, in fact, consider the requisite factors. The trial court indicated that it relied on appellant's criminal record, his prior sexually-oriented offense, the ages of the victim and of appellant, the fact that appellant was on probation for another sexually-oriented offense when he committed the crime, and the pattern of abuse displayed by appellant in committing two similar crimes.
As the record reveals that the trial court complied with its statutory duty, we overrule appellant's first assignment of error.
 III.
In his second assignment of error, appellant contends that the court erred in sentencing him to the maximum prison term allowed for a felony of the third degree. Specifically, appellant argues that "[t]he court failed to set out the reasons for imposing the maximum sentence other than stating the statutory language."
An offender who has received a maximum term of imprisonment has a statutory right to appeal the sentence. R.C. 2953.08 (A) (1) (a). An appellate court may not reverse the sentence unless the court finds, by clear and convincing evidence, that the sentence is unsupported by the record or is contrary to law. R.C. 2953.08
(G) (1) (a) and (d).
Once a trial court elects to impose a prison sentence, the shortest authorized prison term is presumed to be appropriate if the offender has not previously served a prison term. R.C.2929.14 (B). However, the trial court may impose a longer sentence if it finds that the shortest prison term will either
(1) demean the seriousness of the offender's conduct, or (2) will not adequately protect the public from future crime. Id. Here, the trial court expressly found in its entry that the shortest prison term would demean the seriousness of appellant's conduct. Appellant does not appeal this finding, but rather contends that he should have received something less than the maximum possible sentence.
R.C. 2929.14 (C) limits a trial court's authority to impose a maximum term of imprisonment. The statute prohibits a trial court from imposing the maximum term of imprisonment for an offense unless the trial court determines that the offender falls into one of four classifications. State v. Holsinger (Nov. 20, 1998), Pike App. No. 97CA605, unreported; State v. Kauff (Nov. 9, 1998), Meigs App. No. 97CA13, unreported. Maximum sentences are reserved for those offenders who: (1) have committed the worst forms of the offense; (2) pose the greatest likelihood of committing future crimes; (3) certain major drug offenders; and (4) certain repeat violent offenders. R.C. 2929.14 (C).
Appellant contends that the trial court's imposition of the maximum sentence must be reversed because the court failed to comply with R.C. 2929.19 (B) (2) (d) which requires a court to make a specific finding that gives its reasons for selecting the maximum sentence. Appellant is correct that no such finding is included in the sentencing entry. However, we may also consider the court's oral pronouncements in determining whether the trial court complied with R.C. 2929.19 (B) (2) (d). See State v.Edmonson (1999), 86 Ohio St.3d 324, 327; State v. Scheffler (June 22, 2000), Licking App. No. 99CA73, unreported.
While the trial judge did not explicitly state that he was making the requisite findings to support the imposition of the maximum sentences, it is clear that he intended that result. See Tr. 39-41. To support the finding that appellant committed the worst form of the offense, the court found that the victim was injured because of her young age and would suffer psychological problems. The court also found that appellant's relationship with the victim and her family facilitated the offense. See R.C.2929.12 (B) (1), (2) and (6). In finding that appellant was likely to commit future crimes, the court stated that appellant committed this crime while under a community control sanction for a similar offense, that appellant had a criminal history, and that appellant had not responded favorably to sanctions previously imposed. See R.C. 2929.12 (D) (1), (2) and (3). In other words, the court set forth various reasons for imposing the maximum sentence.
The reasons cited by the trial court provide ample support for the conclusion that appellant committed one of the worst forms of the offense and was likely to commit future crimes. Furthermore, the court applied the proper statutory standards and made the requisite findings. While it would have been far more preferable to have these findings expressly set forth in the sentencing entry, we have no doubt that the trial court complied with the spirit of the law. Appellant's second assignment of error is overruled.
Having overruled both assignments of error, we affirm the judgment of the trial court.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, P.J. Abele, J.: Concur in Judgment and Opinion.
 ________________________ William H. Harsha, Judge
[1] The R.C. 2950.09 (B) (2) factors are:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense * * *;
 (d) Whether the sexually oriented offense * * * involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense * * * displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.